FILE COPY

1  STEVEN D. PARK, Bar No. 215219
2  SPark@kslaw.com
3  KING & SPALDING LLP
   333 S. Grand Avenue
4  Suite 4200
5  Los Angeles, California 90071
   Telephone: (213) 443-4355
6  Facsimile: (213) 443-4310
7  Attorneys for Defendant EQUIFAX
   COMMERCIAL SOLUTIONS
8



9           **UNITED STATES DISTRICT COURT**
10          **CENTRAL DISTRICT OF CALIFORNIA**
11

12  FRED J. PETERS, an Individual;        Case No.   CV13- 5595 bw (JCGx)
    EAST WEST TRUCK AND REPAIR,
13  a business entity,
14                                        **DEFENDANT EQUIFAX**
                                          **COMMERCIAL SOLUTIONS'**
15              Plaintiffs,               **NOTICE OF REMOVAL [Removed**
                                          **from the Superior Court of**
16  v.                                    **California, Los Angeles County, Case**
                                          **No. BC 511434**
17
18  EQUIFAX COMMERCIAL
    SOLUTIONS, a corporation; and
19  DOES 1-25, Inclusive
20              Defendants.
21
22

23        Defendant, Equifax Commercial Solutions ("Equifax"), files this Notice of
24  Removal of this action from the Superior Court of California, Los Angeles County,
25  where this action is now pending, to the United States District Court, in and for the
26  Central District of California.   This Notice of Removal is filed pursuant to 28
27  U.S.C. §§ 1441 and 1446.  In support hereof, Equifax shows this Court as follows:
28

- 1 -

NOTICE OF REMOVAL

1.    An action was commenced against Equifax in the Superior Court of California, Los Angeles County, entitled *Fred J. Peters, an Individual; East West Truck and Repair, a business entity* (the "Lawsuit") by service of a Summons, Complaint, on July 3, 2013, a copy of all other proceedings, process, pleadings, orders or other papers that have been filed or served in the State Court action, are attached collectively to this Notice of Removal as Exhibit A.

2.    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the constitution, laws or treaties of the United States; specifically under 15 U.S.C. §§1681, *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:

(a)    Plaintiffs allege that Equifax "do[es] not follow any of the procedures of [the] FCRA, although such procedures are designed to provide consumers with tools to attain the maximum possible accuracy in their credit reports." (Exhibit A, Complaint, ¶ 15.)

(b)    As part of the relief sought in the Complaint, Plaintiffs "seek injunctive relief to compel EQUIFAX . . . to submit to the requirements of the FCRA as far as providing complete and detailed information about trade lines and providing a dispute and reinvestigation by which businesses can have derogatory trade lines disputed and reinvestigated within 30 days." (*Id.*, ¶ 18.)

(c)    The FCRA provides, pursuant to 15 U.S.C. § 1681p, that "any action brought under this chapter may be brought in any appropriate United States District Court without regard to the amount in controversy."

(d)    Accordingly, this case is properly removed pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1681p.

3.    Alternatively, this case is properly removable under 28 U.S.C. § 1441(a) and (b) because this United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides, in pertinent part, as follows:

- 2 -

a.  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, is between --

(1)  Citizens of different states. . .

5.  Plaintiffs seek an amount in excess of the $75,000 jurisdictional requirement.  (*See id*, Civil Cover Sheet, "Amount Demanded Exceeds $25,000; *see also id.*, Complaint, ¶¶ 25, 30, 35 ("The conduct of [Defendants] was done with a conscious disregard of plaintiff's rights ... entitling plaintiffs to an award of punitive damages.") and 26, 31, 36 ("The harm ... in the future is both great and irreparable and the amount of damage already sustained by plaintiffs will be difficult to further sustain ....")

6.  Plaintiff Fred J. Peters is a resident of California.  (*See id.*, Complaint, ¶ 1.)

7.  Plaintiff East West Truck and Repair is a business organized and located in Nuevo, Riverside County, California. (*See id.*, Complaint, ¶¶ 1, 7.)

8.  Defendant Equifax is organized and existing pursuant to the laws of the State of Georgia with its principal place of business in Georgia.

9.  Alternatively, the Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

10.  Plaintiffs indicated on the case intake form filed with the Complaint that this is a class action and filed a First Amended Complaint on July 10, 2013 setting forth individual and class claims.[1]  Accordingly, the case is also removable

---

[1] The First Amended Complaint was served by notice and acknowledgement via Certified Mail.  Equifax reserves its right to contest any defects in service and does not waive any defenses to service or otherwise.

– 3 –

NOTICE OF REMOVAL

to this Court under CAFA.

11.   Plaintiffs define the class as:  "all individuals or business entities within California on which EQUIFAX maintains credit information or on which EQUIFAX has prepared and disseminated or published a credit report or credit disclosure." (*Id.*, First Amended Complaint, ¶ 20.)

12.   As defined, Plaintiffs' putative class would exceed 100 members.

13.   Minimal diversity for purposes of CAFA exists as Plaintiffs have a different state of citizenship from Equifax.

14.   The amount in controversy of the proposed class exceeds the sum of $5,000,000 in the aggregate, exclusive of interest and costs.

15.   Thus, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

16.   The State Court in which this action was commenced is within this Court's district and division.

17.   Promptly after the filing of this Notice of Removal, Defendants shall provide notice of the removal to Plaintiffs in the State Court Action and to the Clerk of the Court in the State Court action, as required by 28 U.S.C. § 1446(d).

18.   This Notice of Removal will be filed with the Superior Court of California, Los Angeles County and a copy of this Notice of Removal will also be served upon Plaintiff.

WHEREFORE, Equifax prays that the above-described action be removed to this Court.

Dated:  August 2, 2013

KING & SPALDING LLP

STEVEN D. PARK
Attorneys for Equifax Commercial Solutions

– 4 –

NOTICE OF REMOVAL

**EXHIBIT A**

Robert F. Brennan, Esq.

# LAW OFFICES OF
# ROBERT F. BRENNAN

3150 Montrose Ave.
La Crescenta, California 91214
Phone: (818) 249-5291
Fax:   (818) 249-4329

Writers Direct E-Mail
igrubbs@brennanlaw.com

June 25, 2013

*(via certified-return receipt mail)*
Equifax Commercial Solutions
P.O. Box 740249
Atlanta GA 30374-0249

Re:  Peters et al. v. Equifax Commercial Solutions

Dear Sir/Madam:

Enclosed please find:

- Summons
- Complaint
- Notice of Case Assignment
- Civil Cover Sheet
- Civil Cover Sheet Addendum and Statement of Location
- Notice of Acknowledgment of Receipt - -Civil

The summons and other documents listed above are being served pursuant to section 415.30 of the California Code of Civil Procedure.

Please complete the Notice of Acknowledgment of Receipt –Civil. Your failure to complete this form and return it within 20 days from the date of mailing above may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law. Please sign and return it in the self-address pre-paid envelope that has been provided for your convenience.

If there are any questions please feel free to contact me at 818-249-5291.

Regards,
Law Offices of Robert F. Brennan AP.C.

Isabel Grubbs
Paralegal

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert F. Brennan SBN 132449 LAW OFFICES OF ROBERT F. BRENNAN AP.C. 3150 Montrose Ave. La Crescenta CA 91214 | |

TELEPHONE NO: 818-249-5291   FAX NO. (Optional): 818-249-4329
E-MAIL ADDRESS (Optional): rbrennan@brennanlaw.com
ATTORNEY FOR (Name): Plaintiff Fred J. Peters et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Fred J. Peters et al..

DEFENDANT/RESPONDENT: Equifax Commercial Solutions

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: BC 511 434 |
|---|---|

TO (insert name of party being served): EQUIFAX COMMERCIAL SOLUTIONS, a corporation:

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 25, 2013

Isabel Grubbs
_____          ▶         _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
    Notice of Case Assignment; Civil Cover Sheet; Addendum and Statement of Location

(To be completed by recipient):

Date this form is signed:

▶

_____          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert F. Brennan SBN 132449<br>LAW OFFICES OF ROBERT F. BRENNAN AP.C.<br>3150 Montrose Ave.<br>La Crescenta CA 91214<br>TELEPHONE NO.: 818-249-5291   FAX NO. (Optional): 818-249-4329<br>E-MAIL ADDRESS (Optional): rbrennan@brennanlaw.com<br>ATTORNEY FOR (Name): Plaintiff Fred J. Peters et al. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: same as above |
| CITY AND ZIP CODE: Los Angeles CA 90012 |
| BRANCH NAME: Central District |

| PLAINTIFF/PETITIONER: Fred J. Peters et al. | |
|---|---|
| DEFENDANT/RESPONDENT: Equifax Commercial Solutions | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 511 434 |
|---|---|

TO (insert name of party being served): EQUIFAX COMMERCIAL SOLUTIONS, a corporation;

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 25, 2013

Isabel Grubbs
_____
(TYPE OR PRINT NAME)                           ▶ _____
                                               (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):
   Notice of Case Assignment; Civil Cover Sheet; Addendum and Statement of Location

(To be completed by recipient):

Date this form is signed: _____

_____                ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 07 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Victor Sino-Cruz

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EQUIFAX COMMERCIAL SOLUTIONS, a corporation; and DOES 1-25, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRED J. PETERS, an Individual; EAST WEST TRUCK AND REPAIR, a business entity;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles

CASE NUMBER:
*(Número del Caso):* **BC511434**

111 North Hill Street
Los Angeles CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert F. Brennan SBN 132449   LAW OFFICES OF ROBERT F. BRENNAN A.P.C.
3150 Montrose Ave. La Crescenta CA 91214 Tel: 818-249-5291

DATE:
*(Fecha)* JUN 07 2013   JOHN A CLARKE Clerk, (Secretario)   VICTOR SINO-CRUZ Deputy (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
JUN 07 2013

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert F. Brennan SBN 132449<br>LAW OFFICES OF ROBERT F. BRENNAN AP.C.<br>3150 Montrose Ave.<br>La Crescenta CA 91214<br>TELEPHONE NO.: 818-249-5291  FAX NO.: 818-249-4329<br>ATTORNEY FOR *(Name)*: Plaintiff Fred J. Peters et al. | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUN 07 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Victor Sino-Cruz |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

CASE NAME:
Peters et al. vs. Equifax Commercial Solutions.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | BC 511434 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[✓] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action *(specify)*:  2

5. This case [✓] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 6, 2013

Robert F. Brennan
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 07 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Victor Sino-Cruz

1  Robert F. Brennan, Esq. [S.B. #132449]
   LAW OFFICES OF ROBERT F. BRENNAN, A.P.C.
2  3150 Montrose Ave.
   La Crescenta, Ca. 91214
3
   [818] 249-5291
4  FAX [818] 249-4329
   Email: rbrennan@brennanlaw.com
5
   Attorney for Plaintiff Fred J. Peters
6

7

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

25                   COUNTY OF LOS ANGELES

11  FRED J. PETERS, an Individual; EAST      Case No.:   BC 511434
12  WEST TRUCK AND REPAIR, a
    business entity;
13                                            INDIVIDUAL AND CLASS
14        Plaintiffs,                         ACTION COMPLAINT FOR
                                              DAMAGES AND INJUNCTIVE
15        vs.                                 RELIEF:

16  EQUIFAX COMMERCIAL               1.  VIOLATION OF BUS. & PROF.
17  SOLUTIONS, a corporation; and        CODE SECTION 17200—UNFAIR
    DOES 1-25, Inclusive,                 AND DECEPTIVE ACTS AND
18                                         PRACTICES.
          Defendants.                 2.  DEFAMATION; AND
19                                    3.  VIOLATION OF CALIFORNIA
                                          CONSUMER CREDIT
20                                        REPORTING AGENCIES ACT.
21                                        JURY TRIAL DEMANDED.

22        Plaintiff alleges:

23        1. Plaintiff FRED J. PETERS ("PETERS") is a resident of County of

24  Riverside, State of California. Plaintiff EAST WEST TRUCK & REPAIR

25  ("EAST WEST"), located in Riverside County, is a business entity engaged in the

26  business of automotive and truck repairs. Collectively these will be referred to as

27  "plaintiffs" in this complaint.

28

_____
                COMPLAINT FOR DAMAGES

2.  Defendants EQUIFAX COMMERCIAL SOLUTIONS ("EQUIFAX"), is a business entity, forms unknown, doing business in the State of California as a credit bureau which receives negative credit information about individuals and businesses and which then publishes such information in credit reports available to its subscribers.

3. Defendants DOES 1-25 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors, financial institutions or other persons or entities which engage in credit reporting and/or debt collection.

4. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 25, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiffs are informed and believes and on that basis allege that Defendants Does 1 through 25, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiffs are informed and believe, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiffs for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiffs allege that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

# FIRST CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE
## SECTION 17200 AGAINST EQUIFAX
## AND DOES 1-25, INCLUSIVE.

6. Plaintiffs incorporate all preceding paragraphs as though alleged in full in this cause of action.

7. Plaintiff PETERS is a 72 year old man who has owned and operated plaintiff EAST WEST since 1993 in Nuevo California. Due to fraud and identity theft Plaintiffs lost the goodwill they had built up over the past 32 years with several   vendors and creditors.  Many of plaintiffs' vendors and creditors will now only work with plaintiffs on a cash basis. Plaintiffs lost a great deal of business: they have had to lay off employees and have been turned down for loans.

8. On or about August 29, 2011, Rebecca Markham, Plaintiff's Secretary, was found guilty of fraud and of unauthorized use of Plaintiffs' identity. Rebecca Markham was sentenced to three years in state prison by the Honorable Judge Kelly L. Hansen in Riverside Superior Court.

9. Ms. Markham's identity theft involved unauthorized use of plaintiffs' personal and business information to open accounts and obtain credit which she did not repay.  Ms. Markham committed her identity theft on plaintiffs and in several institutions and with several vendors.

10. On or about 2012, Plaintiffs learned that EQUIFAX had published one or more of the derogatory statements in its commercial credit reports about plaintiff and his company.  Such statements as published by EQUIFAX stated or suggested that plaintiff was in financial distress or incapable of paying his bills or unwilling to pay his bills or otherwise was a bad credit risk.

11. On or about June 20, 2012 Plaintiff sent dispute letters to EQUIFAX COMMERCIAL SOLUTIONS requesting that they investigate certain accounts

1  that Plaintiff did not recognize because the report would not identify the accounts
2  properly by name or account number.  EQUIFAX COMMERCIAL SOLUTIONS
3  refused to provide the identity of the accounts appearing on Plaintiff's commercial
4  credit report and refused to remove the derogatory information appearing on his
5  credit report.  In fact EQUIFAX refused to identify the sources of the derogatory
6  information, thereby denying to plaintiff the opportunity to do his own
7  investigation to determine to whom he needed to communicate to rectify the
8  derogatory information on his EQUIFAX commercial credit report.
9        12.  On or about January 10, 2013, Plaintiff sent EQUIFAX a copy of the
25  police report dated December 1, 2010 to assist them in their investigation.  Yet
11  again, EQUIFAX refused to provide the identity of the person or persons who
12  provided the accounts to EQUIFAX, providing plaintiffs only with coded entries
13  of the furnishers.  This made disputing the accounts impossible because plaintiffs
14  were unable to ascertain which accounts were the consequence of Markham's
15  identity theft and which accounts were valid accounts.
16
17        <u>INDIVIDUAL ALLEGATIONS OF VIOLATIONS OF B & P 17200:</u>
18        13.  Plaintiffs allege that one or more of the derogatory accounts on
19  plaintiffs' EQUIFAX report are identity theft or fraudulent accounts, yet
20  EQUIFAX and DOES 1-25, Inclusive, failed to provide plaintiffs with sufficient
21  information to even identify the accounts, much less dispute them.  Plaintiffs also
22  allege that one or more of the derogatory accounts were in fact fraud accounts or
23  identity theft accounts, but EQUIFAX and DOES 1-25, Inclusive, have failed or
24  refused to provide plaintiffs with any reasonable dispute mechanism by which they
25  could have the derogatory accounts investigated or reinvestigated.
26        14.  Plaintiffs allege that the false derogatory information on their EQUIFAX
27  credit report has caused, or contributed to, some or all of plaintiffs' creditors
28

1  denying credit to plaintiffs, or offering credit to plaintiffs on more expensive and

2  less favorable terms.

3      15. Plaintiffs allege that the credit bureaus are very familiar with credit

4  reporting which is regulated by the federal Fair Credit Reporting Act ("FCRA"),

5  which includes credit reports which clearly show the identity and details of

6  tradelines being furnished to the credit bureaus, and which includes a dispute and

7  reinvestigation mechanism for persons who believe that there is false, inaccurate

8  or unverifiable information on their credit reports. As EQUIFAX and DOES 1-25,

9  Inclusive, are trafficking in commercial credit reports, EQUIFAX and DOES 1-25,

25  Inclusive, do not follow any of the procedures of FCRA, although such procedures

11  are designed to provide consumers with tools to attain to maximum possible

12  accuracy in their credit reports.

13      16. By not providing plaintiffs with the identity and details of the

14  derogatory tradelines and by not providing plaintiffs with a dispute and

15  reinvestigation mechanism by which to correct false, inaccurate, unverifiable or

16  fraudulent information, EQUIFAX and DOES 1-25, Inclusive are practicing a

17  business practice which is unlawful, unfair and fraudulent. This business practice

18  is unlawful because it inevitably results in the reporting of defamatory materials to

19  creditors or potential creditors of plaintiffs, with no mechanism for challenging or

20  disputing the defamatory information. This business practice is fraudulent

21  because it results in the reporting of fraudulent credit information. This business

22  practice is unfair because plaintiffs are deprived of accurate information about the

23  derogatory tradelines and are likewise deprived of a dispute and reinvestigation

24  mechanism by which to correct derogatory information which is false, inaccurate

25  or unverifiable.

26      17. As a result of these unfair, fraudulent and unlawful business practices,

27  plaintiffs have suffered both general and special damages according to proof.

28

18. In addition to general and special damages according to proof, plaintiffs seek injunctive relief to compel EQUIFAX and DOES 1-25, Inclusive, to submit to the requirements of the FCRA as far as providing complete and detailed information about tradelines and providing a dispute and reinvestigation by which businesses can have derogatory tradelines disputed and reinvestigated within 30 days.

19. In addition to general and special damages and injunctive relief, plaintiffs seek an assessment of punitive damages against EQUIFAX and DOES 1-25, Inclusive, for this business practice, which is malicious, oppressive and fraudulent.  The business conduct of EQUIFAX and DOES 1-25 is despicable and oppressive in that it utterly deprives business subject to the credit reporting of EQUIFAX and DOES 1-25, Inclusive, any reasonable opportunity or avenue to correct false credit reporting.

## SECOND CAUSE OF ACTION

## [DEFAMATION, FALSE LIGHT
## AND TRADE LIBEL
## AGAINST  EQUIFAX COMMERCIAL SOLUTIONS
## AND DOES 1-25, INCLUSIVE]

20.  Plaintiffs re-allege and incorporate all preceding paragraphs as though set forth in full in this cause of action.

21. Plaintiffs allege that EQUIFAX and DOES 1-25, Inclusive, published and disseminated false derogatory information about plaintiffs to one or more of plaintiffs' commercial creditors.  Plaintiffs allege that the some or all of the derogatory information was false because it was the product of Markham's identity theft.  These false derogatory statements by EQUIFAX and DOES 1-25, Inclusive, stated or suggested that plaintiffs were in financial distress or incapable

1  of paying bills or unwilling to pay bills or otherwise a bad credit risk. In spite of
2  providing these defendants with an opportunity to correct or delete the false,
3  unprivileged and defamatory statements, these defendants have failed or refused to
4  do so.

5       22. On or about June 20, 2012 Plaintiff sent dispute letters to EQUIFAX
6  COMMERCIAL SOLUTIONS requesting that they investigate certain accounts
7  that Plaintiff did not recognize because the report would not identify the accounts
8  properly by name or account number. EQUIFAX COMMERCIAL SOLUTIONS
9  refused to provide the identity of the accounts appearing on Plaintiff's commercial
25 credit report and refused to remove the false, unprivileged and derogatory
11 information appearing on his credit report. In fact EQUIFAX refused to identify
12 the sources of the false information, thereby denying to plaintiff the opportunity to
13 do his own investigation to determine to whom he needed to communicate to
14 rectify the false, unprivileged and defamatory information on his EQUIFAX
15 commercial credit report.

16

17     **23. Count 1: Libel.** The false and unprivileged statements by EQUIFAX
18 and DOES 1-25, Inclusive, have exposed plaintiffs to injury to reputation by
19 attributing to them the appearance of negative traits or attitudes that they does not
20 possess, including but not limited to an unwillingness or inability to pay bills.
21 Such statements were published by EQUIFAX and DOES 1-25, Inclusive, with
22 negligence and with Constitutional actual malice with knowledge that they were
23 false or with a reckless disregard for the truth or falsity of what was stated.
24 EQUIFAX and DOES 1-25, Inclusive, continued to publish such statements after
25 plaintiffs notified these defendants that such statements were false because they
26 were the product of an identity theft.

27     24. As a proximate result of the foregoing, plaintiff have suffered actual

28

1    damages, including emotional distress damages for plaintiff FRED PETERS, in an

2    amount according to proof at trial and within the jurisdiction of the Superior

3    Court.

4         25. The conduct of EQUIFAX and DOES 1-25, Inclusive, as alleged, was

5    done with a conscious disregard of plaintiff's rights, with the intent to vex, annoy

6    and/or harass plaintiffs.  Such conduct was unauthorized and constitutes

7    oppression, fraud and/or malice, entitling plaintiffs to an award of punitive

8    damages.

9         26. The harm from these defamatory statements in the future is both great

25   and irreparable and the amount of damage already sustained by plaintiffs will be

11   difficult to further sustain if these acts continue.  The conduct described is

12   ongoing, and injunctive relief is necessary to prevent and restrain continued

13   dissemination of such defamatory statements.  Plaintiffs request that the court

14   enter an injunction to require the defendants to cease publication of any and all

15   negative credit or financial references pending the final outcome of this matter.

16

17        **27. Count 2: False Light.**  The defamatory statements, as alleged, were

18   understood by one or more of the persons who viewed them as stating or implying

19   something that would have a tendency to injury plaintiffs in the community.

20        28. Such statements were published and disseminated by EQUIFAX and

21   DOES 1-25, Inclusive, with negligence and with Constitutional actual malice with

22   knowledge that they were false or with a reckless disregard for the truth or falsity

23   of what was stated.  Further, defendants EQUIFAX and DOES 1-25, Inclusive,

24   continued to publish and disseminate these statements even after plaintiffs put

25   these defendants on notice of the probable falsity of such statements.

26        29. As a proximate result of the foregoing, plaintiffs have suffered actual

27   damages, including emotional distress damages for plaintiff FRED PETERS, in an

28

---

COMPLAINT FOR DAMAGES

1  amount according to proof at trial and within the jurisdiction of the Superior
2  Court.

3      30. The conduct of EQUIFAX and DOES 1-25, Inclusive, as alleged, was
4  done with a conscious disregard of plaintiffs' rights, with the intent to vex, annoy
5  and/or harass plaintiffs.  Such conduct was unauthorized and constitutes
6  oppression, fraud and/or malice, entitling plaintiffs to an award of punitive
7  damages.

8      31. The harm from these defamatory statements in the future is both great
9  and irreparable and the amount of damage already sustained by plaintiffs will be
25  difficult to further sustain if these acts continue.  The conduct described is
11  ongoing, and injunctive relief is necessary to prevent and restrain continued
12  dissemination of such defamatory statements.  Plaintiffs request that the court
13  enter an injunction to require the defendants to cease publication of any and all
14  negative credit or financial references pending the final outcome of this matter.
15

16      **32. Count 3: Trade Libel.**  The defamatory statements as alleged have
17  harmed, and continue to harm, plaintiffs' business, trade, financial and credit
18  interests.

19      33. Such statements were published by EQUIFAX and DOES 1-25,
20  Inclusive, with negligence and with Constitutional actual malice with knowledge
21  that they were false or with a reckless disregard for the truth or falsity of what was
22  stated.  Furthermore, these defendants continued their publication and
23  dissemination of the defamatory material after being notified by plaintiffs of the
24  probable falsity of the derogatory statements.

25      34. As a proximate result of the foregoing, plaintiffs have suffered actual
26  damages, including emotional distress damages for plaintiff FRED PETERS, in an
27  amount according to proof at trial and within the jurisdiction of the Superior
28

---

1 | Court.

35. The conduct of EQUIFAX and DOES 1-25, Inclusive, as alleged, was done with a conscious disregard of plaintiffs' rights, with the intent to vex, annoy and/or harass plaintiffs. Such conduct was unauthorized and constitutes oppression, fraud and/or malice, entitling plaintiffs to an award of punitive damages.

36. The harm from these defamatory statements in the future is both great and irreparable and the amount of damage already sustained by plaintiffs will be difficult to further sustain if these acts continue. The conduct described is ongoing, and injunctive relief is necessary to prevent and restrain continued dissemination of such defamatory statements. Plaintiffs request that the court enter an injunction to require the defendants to cease publication of any and all negative credit or financial references pending the final outcome of this matter.

## THIRD CAUSE OF ACTION

### [VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST EQUIFAX AND DOES 1-25, INCLUSIVE]

37. Plaintiffs incorporate all preceding paragraphs as though alleged in full in this cause of action.

38. At all times mentioned herein, plaintiff was a customer of defendants BANK OF AMERICA, CHASE, WRIGHT and DOES 1-25, Inclusive.

39. BANK OF AMERICA is one of the institutions where Ms. Markham wrongfully used plaintiff's personal and corporate identity to open credit accounts and cash checks. Plaintiff called and sent dispute letters to BANK OF AMERICA disputing several large balance advances on account #4488 1325 0902 1623 and account #6824 0048419299 initiated by Rebecca Markham, who did not have

1   authority to make such transactions.  BANK OF AMERICA also honored several

2   large checks not signed by Plaintiff on his Bank of America line of credit totaling

3   approximately of $134,781.00.

4       40.  CHASE is another institution where Ms. Markham practiced her identity

5   theft against plaintiff.  Plaintiff called and sent letters to CHASE disputing

6   responsibility for account #4266902020816813 which appeared on his EQUIFAX

7   COMMERCIAL SOLUTIONS credit report.  Defendant CHASE allowed

8   someone who was not authorized to activate this account and charge several

9   thousand dollars in merchandise and services.  Payments were made from Plaintiffs

25  Bank of America checking account and line credit.  Plaintiff was also

11  unknowingly paying for two fraud protection services connected with this account,

12  one was Fraud Detector 800.621.0361 DE for $7.99 a month and the other was

13  Payment Protector 1888.314.4371 for $250.77 a month.  Plaintiff was paying for

14  fraud protection but has yet to receive the benefit of this service.  The unauthorized

15  charges totaled approximately $58,252.05

16      41.  WRIGHT is a third institution where Ms. Markham practiced her

17  identity theft against plaintiff.  Plaintiff called and sent dispute letters to WRIGHT

18  EXPRESS explaining that he was not responsible for account #0405-00-72548-2.

19  Plaintiff did not authorize anyone to open a new account or to charge on the

20  existing account, which had a $500 limit.  WRIGHT EXPRESS allowed an

21  unauthorized person to charge thousands of dollars on account #0405-11-72548-2

22  and then payments were made with Plaintiff's Bank of America checking account

23  and line of credit totally approximately $45,754.43.  All of these transactions were

24  unauthorized.

25

26

27

28

1
2    WHEREFORE, Plaintiff prays for judgment as follows:

3    1. For general and special damages according to proof at trial;

4    2. For statutory penalties for each separate statutory violation where

5        allowed by statute;

6    3. For punitive damages against defendants according to proof at trial and

7 using the applicable punitive damages standards from the involved statutes;

8    4. For attorney's fees where authorized by statute or law;

9    5. For costs of suit;

25    6. For such other relief as the court deems just and proper.

11    **PLAINTIFF DEMANDS A JURY TRIAL.**

12

13 Dated: June ___6___ 2013    **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

14

15    By:_____

16    Robert F. Brennan
       Attorney for Plaintiff

17
18
19
20
21
22
23
24
25
26
27
28

| SHORT TITLE: Peters et al, v. Equifax Commercial | CASE NUMBER BC511434 |
|---|---|

FOR COURT USE ONLY

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10  ☐ HOURS/ ☑ DAYS

Item II.  Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

| SHORT TITLE: Peters et al. v. Equifax Commercial | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☒ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3., 10. |
| | | ☐ A6109  Labor Commissioner Appeals | |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Peters et al. v. Equifax Commercial | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Peters et al. v. Equifax Commercial | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 818 West 7th Street |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90017 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Los Angeles** _____ courthouse in the **Central** _____ District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: June 6, 2013 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number     B C 5 1 1 4 3 4

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge William F. Highberger | 307 | 1402 |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross complaint may be filed by any party after their answer is filed. Cross complaints shall be served within 30 days of the filing date and proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to Plaintiff/Cross-Complainant/Attorney of Record on _____.     JOHN A. CLARKE, Executive Officer/Clerk

By _____ , Deputy Clerk

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

        (INSERT DATE)                                   (INSERT DATE)

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
      (TYPE OR PRINT NAME)

Date:

&gt; _____
      (ATTORNEY FOR PLAINTIFF)

_____
      (TYPE OR PRINT NAME)

Date:

&gt; _____
      (ATTORNEY FOR DEFENDANT)

_____
      (TYPE OR PRINT NAME)

Date:

&gt; _____
      (ATTORNEY FOR DEFENDANT)

_____
      (TYPE OR PRINT NAME)

Date:

&gt; _____
      (ATTORNEY FOR DEFENDANT)

_____
      (TYPE OR PRINT NAME)

Date:

&gt; _____
      (ATTORNEY FOR _____ )

_____
      (TYPE OR PRINT NAME)

Date:

&gt; _____
      (ATTORNEY FOR _____ )

_____
      (TYPE OR PRINT NAME)

&gt; _____
      (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
| --- | --- |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____          ⮕          _____
(TYPE OR PRINT NAME)                                                                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ⮕          _____
(TYPE OR PRINT NAME)                                                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ⮕          _____
(TYPE OR PRINT NAME)                                                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ⮕          _____
(TYPE OR PRINT NAME)                                                                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ⮕          (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____          ⮕          (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____          ⮕          (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| **TELEPHONE NO.:**        **FAX NO. (Optional):**<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |

1. This document relates to:
   - ☐  Request for Informal Discovery Conference
   - ☐  Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | | |
| COURTHOUSE ADDRESS: | | | |
| PLAINTIFF: | | | |
| DEFENDANT: | | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: | |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR PLAINTIFF)

_____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR DEFENDANT)

(ATTORNEY FOR _____ )

(ATTORNEY FOR _____ )

(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER



LAW OFFICE OF
ROBERT F. BRENNAN, A.P.C.
3150 MONTROSE AVENUE
LA CRESCENTA, CA 91214

**CERTIFIED MAIL**

7010 0290 0001 9619 8560

Equifax Commercial Solutions
P.O. Box 740249
Atlanta GA 30374-0249

EFX ORIGINAL DOCUMENT 3 07\03\2013 00007764 003 0067

*-First amended-*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EQUIFAX COMMERCIAL SOLUTIONS, a corporation; and DOES
1-25, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRED J. PETERS, an Individual; EAST WEST TRUCK AND REPAIR,
a business entity;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 10 2013

John A. Clarke, Executive Officer/Clerk

By K. Bowen, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Los Angeles<br>*(El nombre y dirección de la corte es):*<br>~~111 North Hill Street~~ 600 S. Commonwealth<br>~~Los Angeles CA 90012~~ Los Angeles CA 90005 ctRm: 322 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 511 434 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert F. Brennan SBN 132449   LAW OFFICES OF ROBERT F. BRENNAN, AP.C.
3150 Montrose Ave. La Crescenta CA 91214  Tel: 818-249-5291

DATE: 7-10-13     JOHN A. CLARKE,    Clerk, by   K. Bowen   , Deputy
*(Fecha)*                            *(Secretario)*             *(Adjunto)*
                                                          K. Bowen

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Robert F. Brennan, Esq. [S.B. #132449]
   **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
2  3150 Montrose Ave.
   La Crescenta, Ca. 91214
3
   [818] 249-5291
4  FAX [818] 249-4329
   Email: rbrennan@brennanlaw.com
5
6  Attorney for Plaintiff Fred J. Peters

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 10 2013

John A. Clarke, Executive Officer/Clerk
By K. Bowen, Deputy

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                      **COUNTY OF LOS ANGELES**

9

25  FRED J. PETERS, an Individual; EAST    ) Case No.: BC 511 434
    WEST TRUCK AND REPAIR, a              )
11  business entity;                       )
                                           ) **FIRST AMENDED COMPLAINT:**
12                                         ) **INDIVIDUAL AND CLASS**
        Plaintiffs,                        ) **ACTION COMPLAINT FOR**
13                                         ) **DAMAGES AND INJUNCTIVE**
        vs.                                ) **RELIEF:**
14                                         )
    EQUIFAX COMMERCIAL                     )
15  SOLUTIONS, a corporation; and          ) 1. VIOLATION OF BUS. & PROF.
    DOES 1-25, Inclusive,                  )    CODE SECTION 17200—UNFAIR
16                                         )    AND DECEPTIVE ACTS AND
        Defendants.                        )    PRACTICES; and,
17                                         ) 2. DEFAMATION.
18                                         )
                                           ) **JURY TRIAL DEMANDED.**
19                                         )
20                                         )

21  Plaintiff alleges:

22      1. Plaintiff FRED J. PETERS ("PETERS") is a resident of County of

23  Riverside, State of California. Plaintiff EAST WEST TRUCK & REPAIR

24  ("EAST WEST"), located in Riverside County, is a business entity engaged in the

25  business of automotive and truck repairs. Collectively these will be referred to as

26  "plaintiffs" in this complaint.

27      2. Defendants EQUIFAX COMMERCIAL SOLUTIONS ("EQUIFAX"), is

28  a business entity, forms unknown, doing business in the State of California as a

1   credit bureau which receives negative credit information about individuals and
2   businesses and which then publishes such information in credit reports available to
3   its subscribers.

4       3. Defendants DOES 1-25 are individuals and business entities, form
5   unknown, doing business in the State of California as credit reporting agencies,
6   debt collection agencies, creditors, financial institutions or other persons or
7   entities which engage in credit reporting and/or debt collection.

8       4. Plaintiffs do not know the true names and capacities, whether corporate,
9   partnership, associate, individual or otherwise of Defendants sued herein as Does
25  1 through 25, inclusive, under the provisions of Section 474 of the California
11  Code of Civil Procedure.  Plaintiffs are informed and believesand on that basis
12  allege that Defendants Does 1 through 25, inclusive, are in some manner
13  responsible for the acts, occurrences and transactions as officers, directors or
14  managing agents of Defendants or as its agents, servants, employees and/or joint
15  venturers and as set forth in this complaint, and that each of them are legally liable
16  to Plaintiff, as set forth below and herein:

17      a) Said Officers, directors or managing agents of Defendants personally
18  acted willfully with respect to the matters alleged in this complaint;

19      b) Said officers, directors or managing agents of Defendants personally
20  authorized, approved of, adopted and/or ratified the acts alleged herein or the
21  agents, servants, employees and/or joint venturers of Defendants did so act;

22      c) Said officers, directors or managing agents of Defendants personally
23  participated in the acts alleged herein of Defendants;

24      d) Said Officers, directors or managing agents of Defendants personally had
25  close supervision of their agents, servants, employees and/or joint venturers of
26  Defendants;

27
28

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiffs are informed and believe, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiffs for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiffs allege that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## VIOLATION OF BUSINESS & PROFESSIONS CODE
## SECTION 17200 AGAINST EQUIFAX
## AND DOES 1-25, INCLUSIVE.

1    6. Plaintiffs incorporate all preceding paragraphs as though alleged in full in

2  this cause of action.

3    7. Plaintiff PETERS is a 72 year old man who has owned and operated

4  plaintiff EAST WEST since 1993 in Nuevo California. Due to fraud and identity

5  theft Plaintiffs lost the goodwill they had built up over the past 32 years with

6  several   vendors and creditors.  Many of plaintiffs' vendors and creditors will now

7  only work with plaintiffs on a cash basis. Plaintiffs lost a great deal of business:

8  they have had to lay off employees and have been turned down for loans.

9    8. On or about August 29, 2011, Rebecca Markham, Plaintiff's Secretary,

25  was found guilty of fraud and of unauthorized use of Plaintiffs' identity. Rebecca

11  Markham was sentenced to three years in state prison by the Honorable Judge

12  Kelly L. Hansen in Riverside Superior Court.

13    9. Ms. Markham's identity theft involved unauthorized use of plaintiffs'

14  personal and business information to open accounts and obtain credit which she

15  did not repay.  Ms. Markham committed her identity theft on plaintiffs and in

16  several institutions and with several vendors.

17    10. On or about 2012, Plaintiffs learned that EQUIFAX had published one

18  or more of the derogatory statements in its commercial credit reports about

19  plaintiff and his company.  Such statements as published by EQUIFAX stated or

20  suggested that plaintiff was in financial distress or incapable of paying his bills or

21  unwilling to pay his bills or otherwise was a bad credit risk.

22    11. On or about June 20, 2012 Plaintiff sent dispute letters to EQUIFAX

23  COMMERCIAL SOLUTIONS requesting that they investigate certain accounts

24  that Plaintiff did not recognize because the report would not identify the accounts

25  properly by name or account number.  EQUIFAX COMMERCIAL SOLUTIONS

26  refused to provide the identity of the accounts appearing on Plaintiff's commercial

27  credit report and refused to remove the derogatory information appearing on his

28

FIRST AMENDED COMPLAINT

1  credit report.  In fact EQUIFAX refused to identify the sources of the derogatory
2  information, thereby denying to plaintiff the opportunity to do his own
3  investigation to determine to whom he needed to communicate to rectify the
4  derogatory information on his EQUIFAX commercial credit report.
5      12. On or about January 10, 2013, Plaintiff sent EQUIFAX a copy of the
6  police report dated December 1, 2010 to assist them in their investigation.  Yet
7  again, EQUIFAX refused to provide the identity of the person or persons who
8  provided the accounts to EQUIFAX, providing plaintiffs only with coded entries
9  of the furnishers.  This made disputing the accounts impossible because plaintiffs
25  were unable to ascertain which accounts were the consequence of Markham's
11  identity theft and which accounts were valid accounts.
12
13  <u>INDIVIDUAL ALLEGATIONS OF VIOLATIONS OF B & P 17200:</u>
14      13. Plaintiffs allege that one or more of the derogatory accounts on
15  plaintiffs' EQUIFAX report are identity theft or fraudulent accounts, yet
16  EQUIFAX and DOES 1-25, Inclusive, failed to provide plaintiffs with sufficient
17  information to even identify the accounts, much less dispute them.  Plaintiffs also
18  allege that one or more of the derogatory accounts were in fact fraud accounts or
19  identity theft accounts, but EQUIFAX and DOES 1-25, Inclusive, have failed or
20  refused to provide plaintiffs with any reasonable dispute mechanism by which they
21  could have the derogatory accounts investigated or reinvestigated.
22      14. Plaintiffs allege that the false derogatory information on their EQUIFAX
23  credit report has caused, or contributed to, some or all of plaintiffs' creditors
24  denying credit to plaintiffs, or offering credit to plaintiffs on more expensive and
25  less favorable terms.
26      15. Plaintiffs allege that the credit bureaus are very familiar with credit
27  reporting which is regulated by the federal Fair Credit Reporting Act ("FCRA"),
28

1  which includes credit reports which clearly show the identity and details of

2  tradelines being furnished to the credit bureaus, and which includes a dispute and

3  reinvestigation mechanism for persons who believe that there is false, inaccurate

4  or unverifiable information on their credit reports.  As EQUIFAX and DOES 1-25,

5  Inclusive, are trafficking in commercial credit reports, EQUIFAX and DOES 1-25,

6  Inclusive, do not follow any of the procedures of FCRA, although such procedures

7  are designed to provide consumers with tools to attain to maximum possible

8  accuracy in their credit reports.

9      16. By not providing plaintiffs with the identity and details of the

25  derogatory tradelines and by not providing plaintiffs with a dispute and

11  reinvestigation mechanism by which to correct false, inaccurate, unverifiable or

12  fraudulent information, EQUIFAX and DOES 1-25, Inclusive are practicing a

13  business practice which is unlawful, unfair and fraudulent.  This business practice

14  is unlawful because it inevitably results in the reporting of defamatory materials to

15  creditors or potential creditors of plaintiffs, with no mechanism for challenging or

16  disputing the defamatory information.  This business practice is fraudulent

17  because it results in the reporting of fraudulent credit information.  This business

18  practice is unfair because plaintiffs are deprived of accurate information about the

19  derogatory tradelines and are likewise deprived of a dispute and reinvestigation

20  mechanism by which to correct derogatory information which is false, inaccurate

21  or unverifiable.

22      17. As a result of these unfair, fraudulent and unlawful business practices,

23  plaintiffs have suffered both general and special damages according to proof.

24      18. In addition to general and special damages according to proof, plaintiffs

25  seek injunctive relief to compel EQUIFAX and DOES 1-25, Inclusive, to submit

26  to the requirements of the FCRA as far as providing complete and detailed

27  information about tradelines and providing a dispute and reinvestigation by which

28

1  businesses can have derogatory tradelines disputed and reinvestigated within 30
2  days. Plaintiffs also pray for their attorney's fees and costs.
3       19. In addition to general and special damages and injunctive relief,
4  plaintiffs seek an assessment of punitive damages against EQUIFAX and DOES 1-
5  25, Inclusive, for this business practice, which is malicious, oppressive and
6  fraudulent. The business conduct of EQUIFAX and DOES 1-25 is despicable and
7  oppressive in that it utterly deprives business subject to the credit reporting of
8  EQUIFAX and DOES 1-25, Inclusive, any reasonable opportunity or avenue to
9  correct false credit reporting.
25
11              __CLASS ALLEGATIONS OF VIOLATIONS OF B & P 17200__
12       20. Plaintiffs define the class as follows: all individuals or business entities
13  within California on which EQUIFAX maintains credit information or on which
14  EQUIFAX has prepared and disseminated or published a credit report or credit
15  disclosure.
16       21. Plaintiffs are excluding from these class allegations a different branch of
17  Equifax called Equifax Information Services LLC, which, to plaintiffs'
18  understanding, concerns itself with consumer credit reports as opposed to
19  commercial credit reports. Plaintiffs in this case are making their allegations
20  against EQUIFAX COMMERCIAL SOLUTIONS which, to plaintiffs'
21  understanding, concerns itself with commercial credit disclosures or credit reports
22  and commercial credit transactions.
23       22. Plaintiffs are members of the class of persons defined in paragraph 21,
24  and are legally capable of serving as class representatives.
25       23. Plaintiffs allege that EQUIFAX and DOES 1-25, Inclusive, are
26  practicing an unfair, fraudulent and illegal business practice by issuing credit
27  reports which are coded and unintelligible, making the disputing of credit
28

1   information essentially impossible.  Further, EQUIFAX and DOES 1-25,

2   Inclusive, fail to provide and maintain a dispute mechanism by which individuals

3   and businesses within California can dispute credit information which is false,

4   inaccurate or unverifiable.

5       24. Plaintiffs allege that other class members have also suffered damages as

6   a result of having false, inaccurate or unverifiable, or fraudulent, credit

7   information reported and disseminated on credit reports published by EQUIFAX

8   and DOES 1-25, Inclusive.  Plaintiffs at this time do not know the nature or extent

9   of these damages, and do not allege class damages, but reserve the right to amend

25  this pleading should information about such damages become known.

11      25. Plaintiffs seek injunctive relief for the class to compel EQUIFAX and

12  DOES 1-25, Inclusive, to submit to the requirements of the FCRA as far as

13  providing complete and detailed information about tradelines and providing a

14  dispute and reinvestigation by which businesses can have derogatory tradelines

15  disputed and reinvestigated within 30 days.  Plaintiffs also pray for their attorney's

16  fees and costs.

17  **SECOND CAUSE OF ACTION**

18  **[DEFAMATION, FALSE LIGHT**

19  **AND TRADE LIBEL**

20  **AGAINST  EQUIFAX COMMERCIAL SOLUTIONS**

21  **AND DOES 1-25, INCLUSIVE]**

22      26.  Plaintiffs re-allege and incorporate all preceding paragraphs as though

23  set forth in full in this cause of action.

24      27. Plaintiffs allege that EQUIFAX and DOES 1-25, Inclusive, published

25  and disseminated false derogatory information about plaintiffs to one or more of

26  plaintiffs' commercial creditors.  Plaintiffs allege that the some or all of the

27  derogatory information was false because it was the product of Markham's

28

identity theft. These false derogatory statements by EQUIFAX and DOES 1-25, Inclusive, stated or suggested that plaintiffs were in financial distress or incapable of paying bills or unwilling to pay bills or otherwise a bad credit risk. In spite of providing these defendants with an opportunity to correct or delete the false, unprivileged and defamatory statements, these defendants have failed or refused to do so.

28. On or about June 20, 2012 Plaintiff sent dispute letters to EQUIFAX COMMERCIAL SOLUTIONS requesting that they investigate certain accounts that Plaintiff did not recognize because the report would not identify the accounts properly by name or account number. EQUIFAX COMMERCIAL SOLUTIONS refused to provide the identity of the accounts appearing on Plaintiff's commercial credit report and refused to remove the false, unprivileged and derogatory information appearing on his credit report. In fact EQUIFAX refused to identify the sources of the false information, thereby denying to plaintiff the opportunity to do his own investigation to determine to whom he needed to communicate to rectify the false, unprivileged and defamatory information on his EQUIFAX commercial credit report.

29. Count 1: Libel. The false and unprivileged statements by EQUIFAX and DOES 1-25, Inclusive, have exposed plaintiffs to injury to reputation by attributing to them the appearance of negative traits or attitudes that they does not possess, including but not limited to an unwillingness or inability to pay bills. Such statements were published by EQUIFAX and DOES 1-25, Inclusive, with negligence and with Constitutional actual malice with knowledge that they were false or with a reckless disregard for the truth or falsity of what was stated. EQUIFAX and DOES 1-25, Inclusive, continued to publish such statements after plaintiffs notified these defendants that such statements were false because they were the product of an identity theft.

30. As a proximate result of the foregoing, plaintiff have suffered actual damages, including emotional distress damages for plaintiff FRED PETERS, in an amount according to proof at trial and within the jurisdiction of the Superior Court.

31. The conduct of EQUIFAX and DOES 1-25, Inclusive, as alleged, was done with a conscious disregard of plaintiff's rights, with the intent to vex, annoy and/or harass plaintiffs. Such conduct was unauthorized and constitutes oppression, fraud and/or malice, entitling plaintiffs to an award of punitive damages.

32. The harm from these defamatory statements in the future is both great and irreparable and the amount of damage already sustained by plaintiffs will be difficult to further sustain if these acts continue. The conduct described is ongoing, and injunctive relief is necessary to prevent and restrain continued dissemination of such defamatory statements. Plaintiffs request that the court enter an injunction to require the defendants to cease publication of any and all negative credit or financial references pending the final outcome of this matter.

33. **Count 2: False Light.** The defamatory statements, as alleged, were understood by one or more of the persons who viewed them as stating or implying something that would have a tendency to injury plaintiffs in the community.

34. Such statements were published and disseminated by EQUIFAX and DOES 1-25, Inclusive, with negligence and with Constitutional actual malice with knowledge that they were false or with a reckless disregard for the truth or falsity of what was stated. Further, defendants EQUIFAX and DOES 1-25, Inclusive, continued to publish and disseminate these statements even after plaintiffs put these defendants on notice of the probable falsity of such statements.

35. As a proximate result of the foregoing, plaintiffs have suffered actual damages, including emotional distress damages for plaintiff FRED PETERS, in an

1  amount according to proof at trial and within the jurisdiction of the Superior
2  Court.

3      36. The conduct of EQUIFAX and DOES 1-25, Inclusive, as alleged, was
4  done with a conscious disregard of plaintiffs' rights, with the intent to vex, annoy
5  and/or harass plaintiffs.  Such conduct was unauthorized and constitutes
6  oppression, fraud and/or malice, entitling plaintiffs to an award of punitive
7  damages.

8      37. The harm from these defamatory statements in the future is both great
9  and irreparable and the amount of damage already sustained by plaintiffs will be
25  difficult to further sustain if these acts continue.  The conduct described is
11  ongoing, and injunctive relief is necessary to prevent and restrain continued
12  dissemination of such defamatory statements.  Plaintiffs request that the court
13  enter an injunction to require the defendants to cease publication of any and all
14  negative credit or financial references pending the final outcome of this matter.

15  **38. Count 3: Trade Libel.**  The defamatory statements as alleged have
16  harmed, and continue to harm, plaintiffs' business, trade, financial and credit
17  interests.

18      39. Such statements were published by EQUIFAX and DOES 1-25,
19  Inclusive, with negligence and with Constitutional actual malice with knowledge
20  that they were false or with a reckless disregard for the truth or falsity of what was
21  stated.  Furthermore, these defendants continued their publication and
22  dissemination of the defamatory material after being notified by plaintiffs of the
23  probable falsity of the derogatory statements.

24      40. As a proximate result of the foregoing, plaintiffs have suffered actual
25  damages, including emotional distress damages for plaintiff FRED PETERS, in an
26  amount according to proof at trial and within the jurisdiction of the Superior
27  Court.

28

41. The conduct of EQUIFAX and DOES 1-25, Inclusive, as alleged, was done with a conscious disregard of plaintiffs' rights, with the intent to vex, annoy and/or harass plaintiffs. Such conduct was unauthorized and constitutes oppression, fraud and/or malice, entitling plaintiffs to an award of punitive damages.

42. The harm from these defamatory statements in the future is both great and irreparable and the amount of damage already sustained by plaintiffs will be difficult to further sustain if these acts continue. The conduct described is ongoing, and injunctive relief is necessary to prevent and restrain continued dissemination of such defamatory statements. Plaintiffs request that the court enter an injunction to require the defendants to cease publication of any and all negative credit or financial references pending the final outcome of this matter.

WHEREFORE, Plaintiff prays for judgment as follows:

<u>FOR THE INDIVIDUAL CLAIMS OF THE FIRST AND SECOND CAUSES OF ACTION:</u>

1. For general and special damages according to proof at trial;

2. For statutory penalties for each separate statutory violation where allowed by statute;

3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs of suit;

6. For injunctive relief; and,

7. For such other relief as the court deems just and proper.

1   <u>FOR THE CLASS ACTION ALLEGATIONS OF THE FIRST CAUSE OF</u>

2   <u>ACTION:</u>

3       1.  For injunctive relief as specified in paragraph 25;

4       2.  For attorney's fees and costs; and,

5       3.  For such other relief as the court deems proper.

6       **PLAINTIFF DEMANDS A JURY TRIAL.**

7

8   Dated: July ___ 2013            **LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**

9

25                                       By:_____

11                                       Robert F. Brennan

12                                       Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28